IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 CR 103 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| CORNELIUS PAXTON, RANDY WALKER, | ) | |
| RANDY PAXTON, ADONIS BERRY, and | ) | |
| MATTHEW WEBSTER, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Cornelius Paxton, Randy Walker, Randy Paxton, Adonis Berry and Matthew Webster
(collectively, "defendants") are charged with conspiring and attempting to knowingly and
intentionally possess five kilograms or more of cocaine with intent to distribute, in violation of
21 U.S.C. §§ 841(a)(1), 846; conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a),
and 18 U.S.C. § 2; and knowingly possessing a firearm in furtherance of a drug trafficking crime
and a crime of violence, in violation of 21 U.S.C. § 846, 18 U.S.C. § 1951(a), and 18 U.S.C. §
924(c)(1)(A), (2). Defendant Matthew Webster has filed a motion to suppress all of his post-
arrest statements that were recorded in a Chicago Police Department transport van, as well as all
fruits derived therefrom (Doc. 80). Webster's co-defendants have all adopted the motion (Doc.
99). The court held an evidentiary hearing on July 17, 2014, and July 29, 2014 to hear testimony
from Chicago Police Department Task Force Officers ("TFOs") and agents of the Bureau of
Alcohol, Tobacco, Firearms, and Explosives ("ATF") involved in the arrest and transport of
defendants. For the reasons described below, defendants' motion is granted in part and denied in
part.

The question of whether defendants have a reasonable expectation of privacy while restrained in the back of a police transport van has not been widely addressed by federal courts, but this issue was thoroughly discussed by Chief Judge Castillo in a recent opinion, United States v. Williams, 12 CR 887, 2014 WL 642813 (N.D. Ill. Feb. 18, 2014). Williams involved the same ATF office (and some of the same officers), as well as the same type of "stash house" crime involved in the instant case, and the relevant facts regarding the layout of the police van and the concealed surveillance material are largely identical. The court finds the reasoning in Williams persuasive, and concludes that defendants had a reasonable expectation of privacy when arrested and confined in the separate, back compartment of this police transport vehicle. This conclusion is reinforced by TFO Conway's testimony that he would be able to hear conversation occurring at a normal volume, but failed to discern any conversation from the back compartment on the evening defendants were arrested. It is obvious that defendants took steps to conceal their conversation from the officers driving the vehicle by lowering their voices, and were under the impression, at least initially, that their discussion was private.

The wrinkle in the instant case is that during the course of the drive to the ATF field office, one of the defendants, tentatively identified on the draft transcript[1] as Berry, noted that the transport vehicle was "probably bugged." Although the officer's testimony makes it clear that any cameras were concealed, the transcript reflects that Berry continued to note that "there's

---

[1]The government provided a draft transcript to the court to facilitate review of the video and audio recording. Defendants reserved their right to object to the accuracy of the transcript at the hearing. The court acknowledges that the draft transcript is not evidence and relies on the clarity of the recording. Mentions of the transcript are simply for ease of reference.

cameras in here too." A review of the recording confirms that Berry's comment was made while it was silent in the van, and his words are clearly discernable.

The "reasonable expectation of privacy" test articulated by the Supreme Court requires that "a person have exhibited an actual (subjective) expectation of privacy and, second, that the expectation be one that society is prepared to recognize as 'reasonable.'" Katz v. United States, 389 U.S. 347, 353 (1967) (Harlan, J., concurring). Although defendants initially took steps to conceal their conversations and exhibited a subjective expectation that they were not being overheard, defendant Berry's comment extinguished that expectation. By articulating his suspicion that the conversation was being recorded, Berry's actions no longer manifested a subjective expectation of privacy. Additionally, once that comment was made to the other defendants, they were put on notice that they were potentially, if not surely, under surveillance. Because defendants no longer exhibited a subjective expectation that their conversations were private, the reasonable expectation of privacy terminated.

Defendants' contention that the statements made at the ATF field office must be suppressed as fruits of the poisonous tree fails. ATF agent Jeffrey Sisto testified credibly that TFO Conway downloaded the recordings and delivered them to Sisto, who retained sole possession of the tapes throughout the interrogations. Agent Sisto testified that he did not listen to the content of the recordings until after the interviews were complete, and that, to his knowledge, no other agent listened to the content of the tapes. Although Agent Sisto admitted to telling the defendants that he interviewed that the van had been bugged, the use of such bluffing techniques in the interrogation of suspects is permissible. See United States v. Rutledge, 900 F.2d 1127, 1131 (7th Cir. 1990). Because the contents of the recordings were not used to

3

question defendants, any admissions made in the subsequent interviews are not the "fruit" of an illegal search and cannot be suppressed on that ground.

In sum, the court grants suppression of the statements made by defendants in the back of the police transport van prior to defendants' acknowledgment that the van was potentially bugged (Draft transcript, pg 8, ln 6). The court denies suppression of the statements made in the van following that statement, and denies suppression of the statements made in the ATF field office.

**ENTER:** **July 31, 2014**

**Robert W. Gettleman**
**United States District Judge**