UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | No. 13 CR 103 |
|---|---|
| v. | Judge Robert W. Gettleman |
| CORNELIUS PAXTON, et al. | |

**AGREED AMENDED PROTECTIVE ORDER GOVERNING DISCOVERY**

Upon agreement of the parties, pursuant to Fed. R. Crim. P. 16(d), it is hereby ORDERED:

1. Certain materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, the "materials") are subject to this protective order and may be used by defendants and defendants' counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

2. The materials subject to this order are the following: (i) all recordings of meetings and conversations involving an ATF undercover agent or confidential informant (the "CI"); (ii) all reports concerning such meetings and conversations; (iii) all statements by any cooperating individual (including the CI) to law enforcement; (iv) all reports of any such statements; and (v) all materials produced in response to any of the discovery requests set out in paragraph 11 of Defendants' Motion for Discovery on the Issue of Racial Profiling/Selective Prosecution (Doc. 77).

3. Absent prior permission from the Court, materials marked "attorneys' eyes only" are subject to the following restrictions: (a) such materials may be reviewed only by counsel of record, and may not be disclosed to any other person, including to any of the defendants; and (b) such materials shall not be included in any public filing with the Court, and instead shall be submitted under seal.

4. Subject to paragraph 3 above, defendants and defendants' counsel shall not disclose the materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons"). Subject to paragraph 3 above, potential witnesses and their counsel may be shown copies of the materials as necessary to prepare the defense, but may not retain copies without prior permission of the Court.

5. Subject to paragraph 3 above, defendants, defendants' counsel, and authorized persons shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by defendants, defendants' counsel, and authorized persons. Such copies and reproductions shall be treated in the same manner as the original materials.

6. Defendants, defendants' counsel, and authorized persons shall not disclose any notes or records of any kind that they make in relation to the contents of

the materials, other than to authorized persons, and all such notes or records are to be treated in the same manner as the original materials.

7.    Before providing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

8.    Upon conclusion of all stages of this case, all of the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. The Court may require a certification as to the disposition of any such materials. In the event that the materials are retained by defense counsel, the restrictions of this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

9.    To the extent any material is produced by the United States to defendants or defendants' counsel by mistake, the United States shall have the right to request the return of the material and shall do so in writing. Within five days of the receipt of such a request, defendants and/or defendants' counsel shall return all such material if in hard copy, and in the case of electronic materials, shall certify in writing that all copies of the specified material have been deleted from any location in which the material was stored.

10.    The restrictions set forth in this Order do not apply to documents that are or become part of the public court record, including documents that have been received

in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of discovery materials in judicial proceedings in this case, except that any materials marked "attorneys' eyes only" shall be filed under seal, absent prior permission from this Court.

11.    Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

ENTER:

ROBERT W. GETTLEMAN
District Judge
United States District Court
Northern District of Illinois

Date: Feby 12, 2015